USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/16/19.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND; TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND; THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION;
and NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

                Petitioners,

v.

S&S KINGS CORP.,

                Respondent.

---

No. 19-CV-01052 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge.

Petitioners seek confirmation of an arbitration award entered against Respondent S&S Kings Corp. Respondent did not oppose the petition. For the reasons set forth below, the petition is granted, but with a reduction in the amount of attorneys' fees awarded to Petitioners.

## BACKGROUND

Petitioners in this action consist of several parties. First, collectively referred to as the "Funds," are: (1) Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining and Educational and

1

Industry Fund, trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21); (2) Trustees of the New York City Carpenters Relief and Charity Fund, a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3); and (3) the New York City and Vicinity Carpenters Labor-Management Corporation, a not-for-profit corporation incorporated in New York State. Also among Petitioners is the New York City District Council of Carpenters ("Union"), a labor organization representing employees in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act, 29 U.S.C. § 142. The Union is the certified bargaining representative for certain employees of Respondent. Respondent is a foreign business corporation incorporated in New York State.

On or about July 15, 2014, Respondent executed a Project Labor Agreement ("PLA") and an Administration Form, both of which effectuated its agreement with the Union. Pet. ¶ 9–10; Pet. Ex. A, B, C. The PLA binds Respondent to several collective bargaining agreements, including the Union's General Contractors Association Agreement ("CBA"). Pet. ¶ 11; Pet. Ex. D. Under both the PLA and CBA, Respondent is required to remit contributions to the Funds when performing work within the trade and geographical jurisdiction of the Union. Pet. ¶ 14; Pet. Ex. A, art. 11, § 2(A); Pet. Ex. D, art. XI, § 1. A Revised Statement of Policy for Collection of Employer Contributions ("Collection Policy") outlines the procedures the Funds must follow when collecting employer payments. Pet. ¶ 13; Pet. Ex. E. Together, the CBA and Collection Policy require Respondent to supply its books and records for auditing, in part to determine whether Respondent has made the required contributions. Pet. ¶ 15; Pet. Ex. D, art. XI, § 7; Pet. Ex. E, § IV(10). The CBA and Collection Policy also provide that either party may seek to arbitrate disputes or disagreements concerning payments to the Funds before an impartial arbitrator. Pet. ¶ 16; Pet. Ex. D, art. XI, § 11; Pet. Ex. E, § IV(10).

2

Petitioners requested an audit from Respondent with respect to its contributions to the Funds from July 16, 2014 through December 12, 2015. The auditor determined that Respondent had failed to remit all required contributions. Petitioners subsequently initiated arbitration proceedings. Pet. ¶ 21; Pet. Ex. F. Respondent's managing partner appeared at the hearing and did not dispute the audit's findings. Pet. Ex. G.

On December 3, 2018, the arbitrator issued an award in favor of Petitioners. Pet. ¶ 22–23; Pet. Ex. G at 2–4. The arbitrator found that Respondent owed $28,692.50 in delinquent principal payments; $5,582.45 in interest; $5,958.98 in liquidated damages; $32.73 in interest on a non-audit late payment; $53.60 in promotional fund contributions; $400 in court costs; $1,500 in attorneys' fees; $500 in arbitrator's fee; and $3,400 in audit costs. Pet. Ex. G. at 3. The final arbitration award was $46,120.26, with interest to accrue at the annual rate of 7% from the date of the award. Pet. Ex. G. at 3.

On February 4, 2019, Petitioners filed this petition, seeking an order confirming the award and granting judgment in the amount of $46,120.26, plus pre- and post-judgment interest, $1,142.50 in attorneys' fees, $400 in costs, and $75 in service fees arising out of this petition. Respondent did not file an opposition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and internal quotation marks omitted). Confirming an arbitration award is generally no more than a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Id.* at 110 (internal quotation marks omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "arbitration panel determinations are generally accorded great deference

3

under the FAA," a district court's discretion when reviewing the award is "narrowly limited." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997). "'[T]here is no general requirement that arbitrators explain the reasons for their award,' and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair*, 462 F.3d at 110. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "choose[n] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award, pre- and post-judgment interest, attorneys' fees, and costs. The Court agrees, but with a reduction in the requested attorneys' fees.

### A. Confirmation of the Arbitration Award

Petitioners have demonstrated that there is no material issue of fact in dispute to preclude enforcing the arbitration award. First, Petitioners have presented undisputed evidence that entering into arbitration was appropriate in this case. In relevant part, the CBA provides:

4

> Should any dispute or disagreement arise between the parties hereto, or between the Union and/or the Union Benefit Funds and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator.

Pet. Ex. D, art. XI, § 11. The present dispute stemmed from Respondent's alleged failure to remit contributions to the Funds as required by the CBA and Collection Policy. *See* Pet. ¶ 20. Therefore, the CBA's arbitration provision plainly encompasses this dispute. Pet. Ex. D, art. XI, § 11.

Second, the arbitrator indisputably acted within the scope of his authority. The CBA provides that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to award appropriate damages." Pet. Ex. D, art XI, § 11. The Collection Policy also outlines the forms of relief that an arbitrator may grant:

> If the matter proceeds to arbitration or litigation, the employer will be responsible for all delinquent contributions, interest, delinquency assessment, debt collection service fees, attorneys' fees, the entire cost of a payroll review and/or audit, and any other expenses incurred by the Funds in determining the amount of the delinquency and in collecting the delinquency, to the full extent permitted by applicable law.

Pet. Ex. E, § IV(11). The CBA makes "[t]he arbitrator's award . . . final and binding upon the parties hereto and the individual Employer, if any, and . . . wholly enforceable in any court of competent jurisdiction." Pet. Ex. D, art XI, § 11.

Here, Petitioners have submitted evidence, including the notice of the arbitration hearing and the award itself, demonstrating that the arbitrator complied with the CBA by limiting his review to the issues raised by Petitioners – namely, Respondent's delinquent payments to the fringe benefit funds from July 16, 2014 through December 12, 2015. *See* Pet. Ex. F; Pet. Ex. G. Also, the arbitrator granted relief to Petitioners within what the CBA and Collection Policy permit. *See* Pet. Ex. D, art. XI, § 11; Pet. Ex. E, § IV(11). The undisputed evidence thus establishes that the arbitrator did not exceed the scope of his authority.

Finally, the amount Respondent owes is also undisputed. As stated in the award, the arbitrator received into evidence the audit and testimony from the auditor detailing "the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency." *See* Pet. Ex. G at 2. After reviewing this evidence, the arbitrator concluded that Respondent's delinquency totaled $46,120.26. *See* Pet. Ex. G at 2. Nothing before this Court suggests that the amount is incorrect, or that the auditor's accounting methods were unsound.

In light of the evidence submitted, Petitioners have met their burden of "demonstrating that no material fact remains for trial." *D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the award.

### B. Pre- & Post-Judgment Interest

Petitioners request pre-judgment interest, accruing "from the date of the Award through the date of judgment." Pet. at 7. "[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts," although there is a presumption toward doing so. *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)). District courts in this circuit have regularly exercised their discretion to grant prejudgment interest "[w]hen confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Modular Sys. Installations, Inc.*, No. 17-CV-6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004)). "Determining the rate of interest to be applied is also within the discretion of the district court." *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO*, 326 F. Supp. 2d at 555.

The Court grants Petitioners' request for pre-judgment interest, at a rate of 7% per annum, from the date of the award through the date of judgment in this action. Pet. at 7. First, the arbitrator prescribed this rate in the award, and "[t]he decision of the arbitrator shall be final and binding upon both parties and may be entered as a final decree or judgment . . . in a court of appropriate jurisdiction in any state where such decision shall be rendered." Pet. Ex. D, art. V, § 3(b); Pet. Ex. G. Second, this rate is within the range typically provided by courts in this circuit. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Tried N True Interiors LLC*, No. 19-CV-02083 (GHW), 2019 WL 2327524, at *3 (S.D.N.Y. May 31, 2019) (granting pre-judgment interest at the rate of 7% in an order confirming an arbitration award).

Petitioners also seek "post-judgment interest at the statutory rate." Pet. at 7. 28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004). Therefore, the Court grants Petitioner's request, and post-judgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

### C. Attorneys' Fees & Costs

Finally, Petitioners seek attorneys' fees and costs incurred in bringing this petition. Pet. at 7. Without statutory authority, a prevailing party is not generally entitled to attorneys' fees, and neither the FAA nor Section 301 of the LMRA specifically provide for attorneys' fees in actions to confirm an arbitration award. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012). However, pursuant to "its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorneys' fees to the prevailing

party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of a petition to confirm an arbitration award, "a court may award attorneys' fees and costs '[w]hen a party refuses to comply with an enforceable arbitration decision without justification.'" *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 896 (2d Cir. 1997).

Here, Respondent has not complied with the award. And, by not opposing this petition, it has offered no justification for its failure to do so. Thus, the Court grants Petitioners request for attorneys' fees in bringing this action to confirm the award. *See id.*; *Paysafe Partners LP v. Merch. Payment Grp. LLC*, No. 19-CV-495 (LGS), 2019 WL 1986607, at *3 (S.D.N.Y. May 6, 2019) ("As Respondent has not appeared in this action nor challenged the Award, Petitioner is entitled to reasonable attorneys' fees and costs.").

To determine what is a reasonable amount of attorneys' fees here, Petitioners' counsel submitted contemporaneous time records, reflecting the time spent and activities performed in litigating this matter. Pet. ¶ 30-33; Ex. H. In total, counsel billed $1,142.50 for their work, reflecting 4.10 hours of labor. Ex. H. Specifically, counsel billed the time of (1) Todd Dickerson, an attorney "Of Counsel," who graduated from law school in 2013, at a rate of $350 per hour, Pet. ¶ 30, and (2) Kelly Malloy, an associate who graduated from law school in 2018, at a rate of $275 per hour, Pet. ¶ 31. With respect to the amount of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18-CV-5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when "[i]t is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort").

The Court, however, will reduce counsel's proposed billing rates. Within the last year, this Court has declined Mr. Dickerson's request for a rate of $350 per hour, and instead granted fees at a rate of $300 per hour. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Bar-Mac Constr. of NJ Inc.*, No. 18-CV-06284 (RA), 2019 WL 294768, at *5 (S.D.N.Y. Jan. 23, 2019); *see also Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (refusing to "approve Mr. Dickerson's proposed rate of $350 per hour" and determining "that $300 is an appropriate rate"). No meaningful distinction exists between Mr. Dickerson's prior cases and the instant one so as to warrant granting a rate of $350 per hour.

The Court also declines to approve the rate of $275 per hour for Ms. Malloy. Other courts in this district have "recently found these rates unreasonable, and concluded that $225 per hour was an appropriate rate" for associates with similarly limited experience. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc.*, No. 19-CV-149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May 7, 2019) (reducing the rate for two associates, including Ms. Malloy, from $275 per hour to $225 per hour based on their limited experience).

Accordingly, Petitioners' request for attorneys' fees is granted at the reduced rate of $300 per hour for Mr. Dickerson and $225 per hour for Ms. Malloy. The Court, thus, grants attorneys' fees in the amount of $937.50.

The Court also grants Petitioners' request for $400 in costs and $75 in service fees arising out of the petition's filing, Pet. ¶ 36, which are standard costs for bringing actions before this Court. *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is directed to enter judgment in the amount of $46,120.26, plus pre-judgment interest calculated at a rate of 7% per annum from December 3, 2018 through the date of judgment in this action. Petitioners' request for attorneys' fees in the amount of $937.50, costs in the amount of $475, and post-judgment interest is also granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 16, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge